Rexho v. Holder

BIA
Christensen, IJ
A089 915 662/663/664

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of March, two thousand fifteen.

PRESENT:
        JOSÉ A. CABRANES,
        GERARD E. LYNCH,
        CHRISTOPHER F. DRONEY,
                *Circuit Judges.*
_____

AIDA REXHO, AKA AIDA META, NAZIF REXHO, MEGI REXHO,
        *Petitioners,*

        v.                                          13-4432
                                                    NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
                *Respondent.*
_____

**FOR PETITIONERS:**     Sokol Braha, New York, New York;
Adrian Spirollari, Brooklyn, New York.

**FOR RESPONDENT:**     Sheri R. Glaser, Trial Attorney,
Office of Immigration Litigation,
[Jamie M. Dowd, Senior Litigation
Counsel; Stuart F. Delery, Assistant
Attorney General, on the brief],
United States Department of Justice,
Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners, natives and citizens of Albania, seek review of an October 24, 2013, decision of the BIA affirming the October 21, 2011, decision of an Immigration Judge ("IJ"), denying asylum, withholding of removal, and relief pursuant to the Convention Against Torture ("CAT"). *In re Aida Rexho, Nazif Rexho, Megi Rexho*, Nos. A089 915 662/663/664 (B.I.A. Oct. 24, 2013), *aff'g* Nos. A089 915 662/663/664 (Immig. Ct. N.Y.C. Oct. 21, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA decision. *See Xue*

*Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For asylum applications like Petitioners', governed by the REAL ID Act of 2005, the agency may, "[c]onsidering the totality of the circumstances," base a credibility determination on inconsistencies in the asylum applicant's statements and other record evidence "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (per curiam). Substantial evidence supports the agency's adverse credibility determinations.

First, the agency reasonably relied on Aida's omission from her asylum application of her later assertion that she and her family were threatened and she was beaten, in part, because of her husband Nazif's ethnicity (and related

3

political activity). *See id.* at 166 n.3 (providing that for purposes of analyzing a credibility determination, "[a]n inconsistency and an omission are . . . functionally equivalent"). The agency was not compelled to credit her explanation that she only mentioned in her application events that had happened to her. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (holding that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so). She testified that she was a victim of some of the ethnicity-based threats, including an incident when two men wielded knives while threatening to kill her and Nazif, and she testified that her alleged beating was due, in part, to Nazif's ethnicity.

The agency also reasonably relied on several additional inconsistencies in the record. Aida's asylum application listed Nazif's ethnicity as "Albanian," while Nazif's application listed his ethnicity as "Cham." Further, Aida asserted that she was knocked unconscious after allegedly being beaten, that she stayed overnight at a hospital, and that she reported the beating to police approximately three

4

weeks after the attack. However, other record evidence indicated inconsistently that she did not lose consciousness, spend the night at the hospital, or report her attack to police within three weeks. The agency was not required to credit the explanations provided for these inconsistencies. *See Id.*

Given the inconsistencies, the agency reasonably found Petitioners not credible. That finding is dispositive of asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006). Because the agency's adverse credibility is dispositive of all forms of relief, we do not reach the agency's alternative basis for denying Nazif's asylum claim – his failure to timely file his asylum application.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5